UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTOPHER BURCHETT,            )<br>                                 )<br>     Plaintiff,                  )<br>                                 )<br>v.                               )<br>                                 )<br>CORRECTIONAL MEDICAL             )<br>  SERVICES, et al.,              )<br>                                 )<br>     Defendants.                 ) | No. 1:09-cv-722-SEB-TAB |

**Entry Discussing Motion for Summary Judgment**

  The defendants' unopposed motion for summary judgment is granted because through such motion and the supporting evidentiary materials they have established that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law. Plaintiff Burchett, as the nonmoving party relative to the motion for summary judgment, has failed to demonstrate that a genuine issue of material fact exists requiring a trial. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases).

  Specifically, the defendants have established without contradiction from Burchett that as medical providers they did not make decisions relative to Burchett's injured thumb that represented "'such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the[y] . . . actually did not base the decision on such a judgment.'" *Sain v. Wood,* 512 F.3d 886, 895 (7th Cir. 2008) (quoting *Collignon v. Milwaukee County,* 163 F.3d 982, 988 (7th Cir. 1998)); *see also Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006). This leaves the required element of deliberate indifference absent, which is fatal to Burchett's claim. *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996)("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party."), *cert. denied*, 519 U.S. 1115 (1997). In addition, the corporate defendant, Correctional Medical Services, Inc., has established without contradiction from Burchett that it had and has no policy or custom of deliberate indifference to the serious medical needs of the prison where Burchett is confined. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009).

  The defendants' motion for summary judgment (dkt 22) is granted. Judgment consistent with this Entry shall now issue.

  **IT IS SO ORDERED.**

Date: 12/31/2009

                         *[signature: Sarah Evans Barker]*
                         SARAH EVANS BARKER, JUDGE
                         United States District Court
                         Southern District of Indiana